

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-26-00065-CV

---

Manfred T. Sterl, Appellant

v.

Beverly Mitrisin, Charles Thomas Nations, Brian Hooper, Mike Jansta,
Mike Hayward, Jay Jacobs, Casper Rankin, Laurel Handley, Hollis Hamilton,
and Bella Sol Properties, LLC, Appellees

---

On Appeal from the 448th District Court
El Paso County, Texas
Trial Court No. 2025DCV4474

---

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Because we conclude that the order from which Appellant appeals is not a final judgment, we dismiss the appeal.

Generally, courts of appeals have jurisdiction to consider appeals from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93, 195 (Tex. 2001). A judgment is final for the purposes of an appeal if it disposes of all pending claims and parties in the case or if it "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.*

Appellant attempts to appeal from a December 12, 2025 order granting the Rule 91a motion to dismiss as to defendants Rankin, Handley, Hamilton, Hooper, Jansta, Hayward, Jacobs, Nations, and Mitrisin. The order severs the dismissed parties into a new cause number and states that it "disposes of all parties and all claims in the severed action and is appealable." However, the order continues: "IT IS FURTHER ORDERED that Cause No. 2025DCV4474 shall proceed with Plaintiff's remaining claims against Defendant Bella Sol Properties, LLC." Because the language of the order did not dispose of all claims of all parties, we notified Appellant on January 22, 2026, that this Court may lack jurisdiction over the appeal.

We further notified Appellant that the appeal would be dismissed for want of jurisdiction unless he filed a response, on or before February 2, 2026, demonstrating that (1) all parties and all claims have been disposed of such that the order is final and appealable, or (2) a statutory exception permits an interlocutory appeal. Appellant did not respond to our inquiry. Because the appealed order is neither final nor an appealable interlocutory order, we dismiss the appeal for want of jurisdiction.[1] Tex. R. App. P. 42.3(a).

MARIA SALAS MENDOZA, Chief Justice

February 11, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] Although we dismiss this appeal for want of jurisdiction, we note that Appellant has yet to pay the required filing fee. *See* Tex. R. App. P. 5 (requiring payment of fees in civil cases unless a party is excused by statute or by appellate rule from paying costs). The Clerk of this Court notified Appellant on January 13, 2026, that this appeal could be dismissed if he failed to pay the required fee by February 1, 2026.